

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD A. WALLACE, JR., <br> Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:13-cv-00364 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| STAN YOUNG, <br> Respondent. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Richard A. Wallace, Jr., a Virginia inmate proceeding with counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and the time for Petitioner to respond expired, making the matter ripe for disposition. After reviewing the record,[1] I dismiss the petition as time barred.

I.

The Circuit Court of Washington County sentenced Petitioner on June 6, 2005, to eleven years' incarceration after a jury convicted him of rape, forcible sodomy, and assault and battery. The Court of Appeals of Virginia refused an appeal, and the Supreme Court of Virginia refused an appeal on November 16, 2006, and a petition for rehearing on January 19, 2007.

On November 14, 2007,[2] Petitioner, with counsel, filed a petition for a writ of habeas corpus with the Circuit Court of Washington County, which denied the habeas claims on

---

[1] In accordance with Respondent's request pursuant to Virginia Code § 8.01-667, the Clerk of the Circuit Court of Washington County sent to this court the record of the Circuit Court's habeas proceedings, which allegedly consists of just one purple file. The file's table of contents, which was fastened near the back of the file, identifies more than 120 pages of various documents, although the pages in the file are not numbered or assembled in chronological order and many of the items listed in the table of contents, like the Circuit Court's final order dismissing the state habeas petition, are not in the file. Nonetheless, I am still able to determine that the instant petition was untimely filed.

[2] Respondent alleges that the state habeas petition was filed on November 20, 2007, and the Circuit Court's Order sending the file to this court, which was prepared by Respondent, also states that the state petition was filed on November 20, 2007. However, Petitioner alleges in the instant petition that the state petition was filed on November 13, 2007. The state court record contains a habeas petition that the Circuit Court date stamped as received on November 14, 2007. Consequently, I rely on the Circuit Court's date stamp of November 14, 2007, as the date Petitioner filed the state habeas petition.

December 28, 2009.[3] Petitioner, again with counsel, appealed to the Supreme Court of Virginia, which dismissed the appeal on May 20, 2010, because the petition for appeal was not timely filed in accordance with Virginia Supreme Court Rule 5:17(a)(1).

Petitioner, with counsel, filed a self-styled habeas petition, pursuant to 28 U.S.C. § 2254, with this court in Wallace v. State of Virginia, No. 7:13-cv-00208, on April 29, 2013, to challenge judgments entered by both the Circuit Court of Washington County and the Circuit Court of Russell County. The court conditionally filed the action, ordered the Clerk to have the petition challenging the judgment from the Circuit Court of Washington County to proceed in Wallace v. State of Virginia, No. 7:13-cv-00218, and ordered counsel to file another petition that conforms to the Rules Governing Section 2254 Cases. The court dismissed the habeas action challenging the judgment imposed by Circuit Court of Washington County without prejudice on May 30, 2013, after counsel failed to comply with the order. Petitioner, again with counsel, filed the instant federal habeas petition on August 5, 2013.

## II.

Respondent argues in the motion to dismiss that the petition was not timely filed. Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[4] The applicable period for the instant petition began to run from the date on which

---

[3] Respondent alleges the state habeas petition was dismissed on December 23, 2007, while Petitioner alleges in the instant petition that the state petition was dismissed on October 22, 2009. Notably, the Circuit Court's dismissal order is not in the state court records sent to this court. The table of contents identifies two dates which could be when the petition was dismissed: December 23 or 28, 2009. I will rely on December 28, 2009, as the date the Circuit Court dismissed the petition, which is the date most beneficial to Petitioner.

[4] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

2

the judgment of conviction became final.[5] 28 U.S.C. § 2244(d)(1)(A); see United States v. Clay, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's convictions from the Circuit Court of Washington County became final on April 20, 2007, when the time expired for Petitioner to file a petition for a writ of certiorari with the Supreme Court of the United States. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of the judgment being appealed). Petitioner filed his state habeas petition more than 200 days after his conviction became final, and Petitioner waited more than 1,300 days to file the instant federal petition. Even with the benefit of statutory tolling, Petitioner filed the instant habeas petition more than one year after the judgment of conviction became final.[6]

---

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).
[5] Petitioner did not argue timeliness under subsections (B) through (D).
[6] The statute of limitations was tolled for 775 days between November 14, 2007, and December 28, 2009, while the properly-filed state habeas petition was pending with the Circuit Court of Washington County. See Escalante v. Watson, No. 7:10-cv-00370, 2010 U.S. Dist. LEXIS 90159, at *1, 2010 WL 3489041, at *1 (W.D. Va. Aug. 31, 2010) (Wilson, J.) (tolling only the time a properly filed habeas petition was pending with the trial court when the petitioner subsequently failed to perfect the assignments of error in a petition for appeal with the Supreme Court of Virginia), aff'd, 488 F. App'x 694 (4th Cir. 2012). Another 1,315 days passed between December 28, 2009, when the Circuit Court of Washington County dismissed the petition, and August 5, 2013, when Petitioner filed the instant petition. Petitioner's earlier federal petitions do not qualify as "application[s] for State post-conviction or other collateral review" to benefit from statutory tolling via 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner had the active involvement of counsel before and after his conviction, and I do not find any extraordinary circumstances in this record that prevented Petitioner from filing a timely petition.[7] See id. at 2566-68 (Alito, J., concurring) (describing how the Court's precedent makes it "abundantly clear" that attorney negligence, other than abandonment, is not an extraordinary circumstance to warrant equitable tolling); Harris, 209 F.3d at 331 ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."). Accordingly, Petitioner filed his federal habeas petition challenging the judgment imposed by the Circuit Court of Washington County more than one year after the judgment became final, Petitioner is not entitled to equitable tolling, and the petition must be dismissed.[8]

---

[7] Petitioner does not describe new, reliable evidence that establishes his actual innocence to escape the statute of limitations. See, e.g., McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013); Schlup v. Delo, 513 U.S. 298 (1995).

[8] Because Petitioner failed to satisfy the statute of limitations, I do not consider the exhaustion of state remedies. Cf. Martinez v. Ryan, 132 S. Ct. 1309 (2012).

4

## III.

For the foregoing reasons, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This _____ day of January, 2014.

_____
Senior United States District Judge